SUSAN F. PLATT, Appellant and Respondent, *v.* ANNIE R. PLATT, Appellant and Respondent.

After sale in *r.* partition suit, a referee was appointed to take proof of the interests and rights of the several parties and claimants in the fund. Exceptions were taken by some of the parties to the report of the referee, so far as it related to a certain claim. The exceptions were overruled and the report confirmed by the Special Term; the order was affirmed on appeal to the General Term. *Held,* that parties, who had not filed exceptions or appealed to the General Term, had no right to appeal to this court.

N. died, seized of the real estate in question. He devised it to his four children, one of whom, more than three years after the death of the testator, conveyed and another devised his interest. D. thereafter recovered a judgment in an action brought by him against the execu tors of N. This judgment the referee allowed as a claim upon and directed its payment out of the fund. *Held,* error; that the judgment did not become a lien, either in law or equity, upon the two shares of the real estate so conveyed and devised, and there was no ground for charging said shares with any portion of said judgment; that the owners of those shares in no way became bound for the debts of N., nor was the real estate chargeable after it came to their hands.

*It seems* the judgment was, as against the devisees or their successors in interest, not even evidence of the existence of a claim against the estate.

The statutes which provide a method of enforcing the debts of a decedent against his heirs and devisees and against his real estate (2 R. S. 450, 457, Code of Civil Pro. § 1837 *et seq*), do not apply to such a case.

*It seems* that whatever liability arose under those statutes rested upon the four devisees named in the will of N., and on the death of one of them his share of that liability devolved upon his personal representatives, not upon his devisee.

*It seems* that the debts of a decedent can be ordered to be paid out of his real estate or by his heirs or devisees only in the manner provided by said statutes   During three years after his death the real estate left by him cannot be so aliened by heirs or devisees as to defeat the claims of creditors thereon (2 R. S. 100 *et seq.*, Code of Civil Pro § 2749 *et seq*). After that time those claims cease to be a lien or charge in any sense upon the real estate, but may be enforced in the manner provided against the heirs and devisees.

In an action previously brought by one of the devisees against the three others an accounting was had, the final judgment fixed the sum each had received from the estate, and it was adjudged that each was indebted to the estate in the amount so received, " contingent on the rights of the creditors of such estate and the future adjustment and settlement of the interests of all parties." The referee herein took proof of the amounts so received and treated them as payments to the parties respectively, charging them with interest thereon and divided the fund so as to make each share, including what had been so previously received, equal. *Held*, error; that whatever equitable lien there may have been as against either of the original devisees in favor of the others, it did not absolutely attach to the real estate or follow it in the hands of one holding under him as devisee, heir or grantee; nor was it made a lien by the former judgment.

The executors of N. having brought an action to set aside certain conveyances and transfers of property made by their testator, made a contract with M., their attorney therein, by which they agreed to give him, as a compensation for his services in addition to costs, one half of any recovery, and to give effect to the agreement assigned one half of any recovery. An assignee of M. claimed a lien upon the fund by virtue of that agreement. *Held*, that the executors had no power to make the agreement and created no lien thereby upon the estate: that even if there was a valid claim under the agreement the owner could not, as matter of right, have it enforced in this action.

(Argued March 15, 1887; decided April 26, 1887.)

THESE are appeals from various orders and portions of orders of the General Term of the Supreme Court in the first judicial department made December 31, 1886. (Reported below, 42 Hun, 592.)

The nature of the orders and of the action and the material facts, are set forth in the opinion.

*A. J. Vanderpoel* for Annie R. Platt and E. N. Martin, appellants. The De Grauw judgment was binding only on personal property and could not be enforced against the proceeds of the realty now in question. (*Cooke* v. *Platt*, 98 N. Y. 35; Code, §§ 1823, 1841, 1848, 1849, 1851; 2 R. S. 90, §§ 38, 42; id. 109, § 53; *Selover* v. *Coe*, 63 N. Y. 438; *Stillwell* v. *Swarthout*, 81 id. 109, 115; *Fliess* v. *Buckley*, 22 Hun, 551; *Dunning* v. *Ocean Bk.* 61 N. Y. 596.) The judgment against the administrator or executcr, or representative is not an adjudication against the heir or devisee. (*Dodge* v. *Thompson*, 13 Week. Dig. 104; 94 N. Y. 209; Bigelow on Estoppel [3d ed.], 98; Freeman on Judgments, § 163; 2 Phillips on Evidence, 11, *note*, 259; *Hall* v. *Richardson*, 22 Hun, 444; *Requa* v. *Holmes*, 26 N. Y. 338.) More than three years having elapsed, the creditor's remedy is limited by the Code (§§ 1843, 1844) to an action by the devisees. (*Cooke* v. *Platt*, 51 Supr. 55.) An adjudication between the devisees and the estate and the executors is not binding when the same question arises between the devisees themselves. (*Requa* v. *Holmes*, 26 N. Y. 338; *Cooke* v. *Platt*, 98 id. 35.) In following statutory proceedings, as in partition cases, the courts do not act on their general equitable jurisdiction, and settle or adjust other matters in dispute. (Pomeroy's Eq. Jur., §§ 221, 234, 235, 242; *Dauser* v. *Jeremiah*, 3 Redf. 136, 140.) The attorney is entitled to a lien on the fund until the final determination of his proceeding to enforce the claim. (Code § 66; *Boyle* v. *Boyle*, 23 Week. Dig. 346; *Ensign* v. *Howard*, 62 How. 363; *Johnson* v. *Haynes*, 37 Hun, 303, 306; *Williams* v. *Ingersoll*, 23 id. 284; *Brown* v. *Mayor, etc.*, 9 id. 587; 11 id. 21; *Naylor* v. *Lane*, 50 Supr. 49; *Wright* v *Wright*, 70 N. Y. 96; *Phenix Foundry Co.* v. *N. R. Con. Co.*, 33 Hun, 156; *Hibbard* v. *Dayton*, 32 id. 220; *In re Knapp*, 85 N. Y. 285; *Burling* v. *King*, 66 Barb. 633; *Price* v. *Palmer*, 23 Hun, 504; *Ward* v. *Craig*, 87 N. Y. 550; *In re H.*, id. 521; *Ackerman* v. *Ackerman*, 14 Abb. 232; *Porter* v.

*Parmly*, 39 Super, 219; *Rooney* v. *Second Ave. R. R. Co.*, 18 N. Y. 368; *Fowler* v. *Callan*, 102 id. 395.) The agreement for compensation with the attorney on which the claim and lien is founded was made with the devisees as executors. This they had a right to make and to bind the estate, since the results of the attorney's services were to recover their estate. (*Noyes* v. *Blakeman*, 2 Seld. 567; *New* v. *Nicoll*, 73 N. Y. 127; *In re Knapp*, 85 id. 284.) In case their agreement did not bind the estate, it bound them jointly and severally, individually, for services rendered in securing the estate for them as devisees. (*Cooke* v. *Platt*, 98 N. Y. 35; *Cary* v. *Gregory*, 38 Super. 127; *Hall* v. *Richardson*, 22 Hun, 444; *Ferris* v. *Disbrow*, 22 Week. Dig. 330; *Murphy* v. *Hall*, 23 id. 184; *Schmittler* v. *Simon*, id. 269.) Until the action by the assignee is finally determined, the court should retain the lien on the fund. To do so does not injure the other parties. (*Hibbard* v. *Dayton*, 32 Hun, 220; *Price* v. *Palmer*, 23 id. 504; Pomeroy's Eq. Jur., §§ 181, 237, 1234, 1237.)

*William G. Wilson* for appellants and respondents. The court had no power or jurisdiction to direct the payment of the De Grauw judgment out of the proceeds arising from the sale of the real estate in partition. (2 R. S. 449, § 12; *Ferguson* v. *Broome*, 1 Brad. 10; *Sharpe* v. *Freeman*, 45 N. Y. 802; Willard on Ex'rs, 315; *Dodge* v. *Thompson*, 13 Week. Dig. 104; 94 N. Y. 109; 2 R. S. 452, §§ 32, 33, 56; *Selover* v. *Coe*, 63 N. Y. 438.) The moneys received and retained by William H. Platt belonged equally to all the four devisees of Nathan C. Platt, as tenants in common. Each tenant in common in dealing with the common property, acts as the agent of all and is accountable to all. (1 R. S. 750, § 9; *Coles* v. *Coles*, 15 Johns. 161; *Scott* v. *Guernsey*, 60 Barb. 180; 48 N. Y. 124.) The order is not appealable. (Code, § 190; *James* v. *Chalmers*, 6 N. Y. 208; *Enos* v. *Thomas*, 5 How. Pr. 359; *People* v. *N. R. R. Co.*, 42 N. Y. 217, 225, 226, 232; *Paul* v. *Munger*, 47 id. 469; *People* v. *Schoonmaker*, 50 id. 499.)

*Edward S. Clinch* for respondent Aaron A. De Grauw. An appellant to the Court of Appeals cannot be heard in opposition to a decision of the General Term, affirming an order or judgment not appealed from by him. (*Gracie* v. *Freeland*, 1 N.Y. 228; *Lake* v. *Gibson*, 2 id. 188; *Hollister Bank* v. *Vail*, 15 id. 593; *Fairbanks* v. *Corliss*, 1 Abb. 155.) The court will not consider objections not raised before the referee or before the Special Term; and as it does not appear that any objection to the De Grauw judgment was made before the referee, that objection cannot now be urged upon this appeal. (*Marvis* v. *Hussa*, 8 N. Y. 204; *Stewart* v. *Smith*, 14 Abb. 205.) The order confirming the report of the referee is an interlocutory order preliminary to final judgment, and is not appealable to the Court of Appeals unless brought up on an appeal from the final judgment. (Code of Civ. Proc. § 190.)

*Payson Merrill* for Catharine W. Cooke, defendant. An executor is a trustee for all persons interested in the estate, and it is his duty to treat all creditors, legatees and distributees of the same class equally. (*Burkhardt* v. *Hunt*, 16 How. Pr. 407; *Clayton* v. *Wardell*, 2 Bradf. 1; *Lupton* v. *Lupton*, 2 Johns. Ch. 614; *Hannahs* v. *Hannahs*, 68 N. Y. 610, 612; *Dunscomb* v. *Dunscomb*, 1 Johns. Ch. 508; *Manning* v. *Manning*, id. 527; *Schieflin* v. *Stewart*, id. 620; *Utica Ins. Co.* v. *Lynch*, 11 Paige, 520; *Barker* v. *White*, 58 N. Y. 204; *King* v. *Talbot*, 40 id. 76; *Adair* v. *Brimmer*, 74 id. 540.) The referee would have been justified in charging William H. Platt with compound interest on the excess received by him. (*Tucker* v. *McDermott*, 2 Redf. 313; *Ackerman* v. *Emott*, 4 Barb. 626; *Freeman* v. *Freeman*, 4 Redf. 211; *Scott* v. *Guernsey*, 60 Barb. 163.)

EARL, J. There are so many appeals and orders in these records, and they are made up in such a bungling, careless and confused manner, and the facts to be considered are so imperfectly presented, that there is great danger that, in our examination, something may be overlooked or misapprehended.

The leading facts, so far as they are important, will be stated as we understand them.

Nathan C. Platt died July 4, 1863, leaving a last will and testament, whereby he appointed his three sons, William H., Spencer C., and Nathan C., his executors, and gave all his estate to his executors with power to receive the rents and profits and to sell and convey the real estate in their discretion upon trust, to divide the same or its proceeds, after payment of debts, among his four children, his three sons, and his daughter Catharine W. Cooke, in equal shares. The will was admitted to probate, and the executors entered upon the discharge of their duties. It was subsequently held in this court, in an action to which all the beneficiaries were parties, that the trust attempted to be created, as to the real estate left by the testator, was unauthorized; that no trust estate therein was vested in the executors, that the title thereto passed to the beneficiaries named, as devisees in fee, and that they, upon the death of the testator, became tenants in common thereof. (*Cooke* v. *Platt*, 98 N. Y. 35.)

Soon after the death of the testator, his estate became involved in litigations, and from that time to this, numerous suits and proceedings have been instituted and carried on with reference to it, and three times prior to this, the litigations, in some of their phases, have come to this court. (*Platt* v. *Platt*, 58 N. Y. 646, *Smith* v. *Platt*, 96 id. 638; *Cooke* v. *Platt*, 98 id. 35.) It has now become quite desirable that these vexatious and expensive controversies, some of them apparently unnecessary, should, so far as possible, be brought to an end.

This action was brought for the partition of real estate. The plaintiff, Susan F. Platt, is the wife of Spencer C. Platt, and succeeded to his interest in the real estate by conveyance from him ; and the defendant, Annie K. Platt is the widow of William H. Platt, and succeeded to his interest in the real estate as devisee under his will. The action went to judgment, and the land was ordered to be sold. The sale has been had and the proceeds brought into court, and the controversy now before us relates to the claims upon the fund thus produced, and the

division and distribution thereof. A referee was appointed to take proof of the interests and rights of the several parties and claimants in the fund, and he made his report. Some exceptions were filed to such report, and it was confirmed by the Special Term. Several of the parties appealed to the General Term, where the order of the Special Term was affirmed with the modification which will be hereafter noticed.

*First.* It is objected, on behalf of the plaintiff and the defendants, Nathan C. Platt, Catharine W. Cooke and Annie R. Platt, that the court below erred in directing the judgment of Aaron A. De Grauw to be paid out of the fund, and the question as to the payment of that judgment grows out of the following facts: At the death of the testator the Park Bank held a note for $10,000 made by him. Subsequently to his death De Grauw obtained that note from the bank and brought an action thereon against the executors, and on the 10th day of May, 1878, he recovered a judgment thereon against them for $19,330.23. An application was subsequently made to vacate that judgment, and it was vacated, but permitted to stand as security for any judgment which might thereafter be recovered. The executors having been removed as such in the action of Cooke against them, and James M. Smith having been appointed receiver of the estate, he was substituted as defendant in the action in the place of the executors. Thereafter, on the 15th day of March, 1884, De Grauw recovered a judgment against him, as such receiver, for $24,414.02. On the 8th day of March, 1886, there was paid on this judgment by the receiver $11,858.28, and the balance, with interest, remains unpaid, amounting, on the 9th of June, 1886, to $15,651.33. On the 29th day of May, 1886, after the fund had been paid into court, an order was made at Special Term by which Augustus C. Brown, who had previously been appointed referee to take proof as to liens and claims upon the fund, was ordered to take proof of any and all judgments against the plaintiff, or against any of the defendants, or against the executors or any of them, or against Smith, as receiver, and of any judgments

which were liens upon the real estate at the time of the commencement of the action, and to ascertain the amount due on such judgments ; and it was ordered that the amount due thereon be paid out of the share or shares of the person or persons against whom the judgments may respectively be, or out of the shares of Susan F. Platt, Spencer C. Platt, Annie R. Platt, Annie B. Platt, Catharine W. Cooke and William J. Cooke, when such judgments were against the executors, or any of them, or against James M. Smith, as receiver. A hearing was had before the referee under that order, and he made his report on the 9th day of June, 1886, finding the sum above mentioned to be due to De Grauw upon his judgment. and he reported that one-quarter thereof, to wit, $3,912.84, should be paid out of each of the shares, severally, of Susan F. Platt, Annie R. Platt, Nathan C. Platt and Catharine W. Cooke. To this report, so far as it allowed the De Grauw judgment and directed its payment, the plaintiff and Annie R. Pratt alone filed exceptions. The hearing of the exceptions and the motion to confirm the report came on at a Special Term of the court on the 9th day of July, 1886. At that hearing counsel for the plaintiff appeared in support of her exceptions, and in opposition to all the other exceptions filed. Counsel for Annie R. Platt appeared in support of the exceptions filed by her, and counsel for defendant Catharine W. Cooke appeared in support of the report of the referee and in opposition to all the exceptions thereto. Counsel for De Grauw appeared in support of his claim to payment out of the proceeds, and no one appeared for Nathan C. Platt. The court made an order overruling the exceptions and confirming the report. On the twenty-eighth day of June the plaintiff appealed from the Special Term order of May twenty-ninth, so far as it ordered the referee to take proof of any judgment against Smith, as receiver, and that the amount due thereon be paid out of the shares of Susan F. Platt and others ; and on the fourteenth day of July she appealed to the General Term from so much of the order made on the ninth of July as directed the pay-

ment of the De Grauw judgment. On the twelfth of July, Annie R. Platt appealed to the General Term from the orders of May twenty-ninth and of July ninth. Nathan C. Platt and Catharine W. Cooke did not appeal to the General Term. That court affirmed the order of the Special Term, so far as it related to the De Grauw judgment, and from its order Susan F. Platt, Annie R. Platt, Nathan C. Platt and Catharine W. Cooke appealed to this court.

It is clear from this statement of the facts that Nathan C. Platt and Catharine W. Cooke, have no standing whatever in this court as appellants against De Grauw. They did not except to the report of the referee; on the contrary Catharine W. Cooke asked for its confirmation ; and they did not appeal to the General Term. Therefore they have no right to complain of the Special and General Term orders, so far as they relate to the De Grauw judgment, and no right to appeal to this court.

But Susan F. Platt and Annie R. Platt stand upon a different footing. They filed exceptions to the report of the referee and objected to the confirmation thereof at the Special Term, and appealed from the orders of the Special Term to the General Term. There is no ground whatever for charging their shares of these proceeds with portions of the De Grauw judgment. They are not heirs, or legatees, or devisees, or next of kin of the testator. They took their interests in the real estate subsequently to the death of the testator. The De Grauw judgment recovered against the executors, and subsequently against the receiver, did not become a lien upon the real estate. (2 R. S. 449, § 12; Code, §§ 1251, 1823.) It was not even evidence against them and in no way bound them. (*Ferguson* v. *Broome*, 1 Bradf. 10 ; *Dodge* v *Thompson*, 13 Week. Dig. 104; *Sharpe* v. *Freeman*, 45 N. Y. 802 ; *Dodge* v. *Stevens*, 94 id. 209.) They did not receive the real estate from the testator, and hence in no way became bound for his debts, nor was the real estate, after it came to them, bound.

The statutes point out the method for enforcing the debts

of a decedent against his heirs, legatees, devisees and next of kin and against the real estate while it is owned and held by them. (2 R. S. 450–457; Code, §§ 1837–1860,) But those statutes do not apply to a case like this. Whatever liability there was under those statutes for the debt represented by the De Grauw judgment rested upon the four devisees mentioned in the will who took the real estate as tenants in common; and at the death of William H. Platt, his share of that liability devolved upon his personal representatives, and it was to be enforced in some way against them or his estate; and after the conveyance by Spencer C. Platt, the liability, if any, still rested upon him to be enforced against him personally. But such liabilities never passed to and were not enforceable against Susan F. and Annie R. who succeeded to their shares.

It is therefore entirely clear that the De Grauw judgment never became a lien, either in law or in equity, upon the interests of Susan F. and Annie R. in the real estate, and that they never came under any legal or equitable obligation to pay the same, and hence there was no legal basis for ordering portions of that judgment to be paid out of their shares of the real estate or its proceeds.

The debts of a decedent can be ordered to be paid out of his real estate or by his heirs or devisees only in the manner provided by statute. During three years after his death his creditors have a kind of statutory lien upon the real estate left by him, and such real estate cannot be so aliened by his heirs or devisees during that time as to defeat the claims of creditors thereon. (2 R. S. 100, etc.; Code, §§ 2749, etc.) After the expiration of the three years the debts of the decedent may be enforced against the heirs and devisees in the mode specified in the statute, and they then cease to be a lien or charge in any sense upon the real estate. (*Covell* v. *Weston*, 20 Johns. 414; *Hyde* v. *Tanner*, 1 Barb. 75; *Wilson* v. *Wilson*, 13 id. 252; *Waring* v. *Waring*, 3 Abb. Pr. R. 246.) But if Susan F. and Annie R. Platt were otherwise liable, and they occupied the precise position of devisees or

heirs, there are no facts in this record which in law establish the right of De Grauw to be paid the amount of his judgment out of these proceeds as against them. As stated above, the judgment did not bind them, and was not evidence against them. The referee was ordered, not to take proof of the debt due to De Grauw, but simply to take proof of the judgment, and under that order the judgment was made conclusive evidence and the parties were deprived of the right to contest the debt upon which it was founded. They might have been able to show that the debt had been paid or discharged, or that the testator was not in fact liable in his lifetime to pay it, and they might have claimed that it was barred by the statute of limitations twenty-three years after the death of the testator. Besides, the personal property was at common law, and is by our statutes the primary fund for the payment of debts, and there was no proof whatever before the referee or in the court below that there was not, during the whole or at least a portion of the twenty-three years, abundant personal property out of which this debt could have been satisfied The court below, therefore, erred in allowing any portion of the De Grauw judgment to be paid out of the shares of Susan F. and Annie R. Platt.

*Second.* Some years before the commencement of this action, Mrs. Cooke commenced the action above referred to against her three brothers, William H., Spencer C. and Nathan C., and in that action an accounting was had of the moneys which each had received from the estate of their father; and in the final judgment entered, it was determined that they had respectively received from such estate the following sums: Catharine W. Cooke, $17,301.60; William H. Platt, $60,839.90; Spencer C. Platt, $20,000.84; Nathan C. Platt, $18,660.39; and it was adjudged that they were severally indebted to their father's estate in the amounts so received by them, with interest thereon from the 3d day of April, 1882, but that such indebtedness was not absolute, but " contingent on the rights of creditors of such estate, and the future adjustment and settlement of the interests of all persons

in said estate." Upon the hearing before the referee appointed in this action to take proof of the rights and interests of the parties in this fund, against the objection of Annie R. Platt, he took proof of the amounts so received, and treated them as payments to these parties, respectively, charging each with interest on the sum so received by each, and adjusting and dividing this fund on that basis so as to make, with what had previously been received, and with this fund, equality of distribution. The Special Term having confirmed the report of the referee in this respect, Annie R. Platt appealed from the order of the Special Term to the General Term, and there the decision of the referee and the order of the Special Term were reversed, so far as they charged interest upon the sums so received from April 3, 1882, and in other respects the order of the Special Term was affirmed. Annie R. Platt then appealed to this court from the order of the General Term, so far as it charged her, among other things, with the $60,839.90, which had been received by her husband as above mentioned. We think her appeal in this respect should prevail.

It does not appear in this record from what source, or in what manner, or under what circumstances that sum was received by William. It is stated in one of the briefs submitted to us to have been received from rents of the real estate sold in this action and from the proceeds of the sale of other real estate which came to William, his two brothers and sister, as tenants in common under his father's will. As to the rents of the real estate sold in this action, the other tenants in common had an equitable lien for the amount received by William on his share of the real estate which could be adjusted in a partition action to which he and they were parties. But it was an equitable lien which, upon the facts as they now appear, could be enforced against him only, and it did not absolutely attach to the real estate nor follow it into the hands of any heir, devisee or grantee holding under him. As to the proceeds of other real estate sold, the other tenants in common, so far as this record discloses, never

acquired any lien for the amount thereof received by William upon his share in this real estate; and the sum received by William, as determined by the judgment in the action of Mrs. Cooke against him and his brothers, was not by that judgment made a lien upon this real estate. If William had lived he could have been compelled, in a general settlement of his father's estate, to account for the money so received; and so, too, if he and his brother Spencer had been parties to this action and there had been no change of interests and no devolution of title and no other complications, we are inclined to the opinion that the sums previously received by the parties might, upon equitable principles, have been brought into consideration in the adjustment and division of this fund. But the same parties are not here. It does not appear that Susan F. Platt, by virtue of the conveyance to her by her husband, acquired any interest in the sums so received by William, or any right to ask for any account thereof. And it does not appear that Annie R. Platt, as devisee of her husband, took the real estate in this action charged with that sum or any part thereof, or that she became liable or bound in any way to pay the same. If William's brothers and sister had any claim against him on account of that sum, it was a claim, so far as now appears, to be paid out of and enforced against his estate as a debt owing by him at the time of his decease. (*Hannan* v. *Osborn*, 4 Paige, 336.) For its payment resort would first have to be made to the personal estate left by him, and then, within three years after letters testamentary, by a sale of the real estate, and if satisfaction could not be obtained in either of those ways, then the debt, after three years from letters testamentary upon his estate, could be enforced by action against his legatees or devisees in the mode and to the extent provided in the statutes.

We do not determine now that the sums referred to cannot be brought in and adjusted in this action. All we determine is that in this very imperfect record there are not sufficient facts to authorize that to be done. It may be that facts exist which would justify the court in the exercise of its equitable

so received and the interest thereon in the distribution of this fund.  All the facts pertaining to these sums should be proved, so that the court may be able to say precisely what equity and justice require in reference to them.  It would seem to be extremely just that they, with the interest thereon, should be taken into consideration in the distribution of this fund ; and the fund should be retained by the court below until, in this action, or some other action to which all the persons interested are made parties, a final determination can be made in reference to the rights and interests of the parties therein.

*Third.* Before the executors were removed, they brought an action against George W. Platt, a brother of the testator, in the Supreme Court to set aside certain transfers and con- jurisdiction to charge each of these four parties with the sums veyances of property made to him by the testator and to recover from him certain claims and demands.  While that action was pending the executors entered into a contract with William R. Martin, who was their attorney, by which it was agreed that in consideration of the services to be rendered by him in the action then pending and in such other actions and proceedings as might be brought against George W. Platt, he should have, as compensation for his services and expenditures, in addition to the costs and disbursements he should recover, an equal one-half of the whole recovery against George W. Platt ; and to give effect to the agreement they assigned to him all the one equal half of all their claims and demands against Platt, and in any recovery that might be had against him.  It is claimed by and on behalf of Martin's assignee that by virtue of that agreement he has a lien upon this fund which should be paid out of the same. His claim has been under adjudication so many times in the courts below, and has been so thoroughly considered by various judges, that a brief examination of it now is all that is needed.  The executors under the will of the testator had no power to make the agreement with Martin and they could not create any lien upon the estate, or assign the same to him. They could bind themselves personally but not the estate

which they represented. It appears that William R. Martin received large sums of money out of the estate for his services, all that was found to be fairly due him, and we can see no reason in this proceeding for enforcing any further claim for such services. Subsequently to the commencement of this action his assignee instituted an action against the persons interested in the estate to establish his claim and lien thereon under Martin's agreement with the executors, in which action he failed. A judgment was rendered against him from which he has appealed to the General Term. The claim is so extra-ordinary and objectionable that he could not, as a matter of absolute right, claim to have it enforced in this action. But the court could, in the exercise of its discretion, deny him the summary remedy he asks in this action and leave him to the enforcement of his claim, if he has any, by a proper action against the parties who may be liable to him; and whether it would stay the distribution of this fund until the final termination of his appeal in the other action, also rested in its discretion which is not subject to review here.

Our conclusion, therefore, upon the whole case is as follows:

(1.) The appeal of Annie R. Piatt and Edwin N. Martin from the order of the General Term, dated December 31, 1886, should be dismissed, with costs, against Martin, to Catharine W. Cooke, Nathan C. Platt and Susan F. Platt, severally.

(2.) The orders of the General and Special Terms, so far as they charge any part of the De Grauw judgment upon the shares in this fund of Annie R. Platt and Susan T. Platt, should be reversed.

(3.) The orders of the General and Special Terms, so far as they bring into consideration in the distribution of this fund the four sums received respectively by Catharine W. Cooke, William H. Platt, Spencer C. Platt and Nathan C. Platt, as determined by the judgment of Mrs. Cooke against her brothers, should be reversed.

(4.) In all other respects the order of the General Term should be affirmed, without costs, except as above provided,

to any of the parties; and the cause should be remitted to the Special Term for a further hearing as to the distribution of the fund, or for any further proceeding in accordance with this opinion.

All concur.

Ordered accordingly.