Daniels, J.
The reference was directed, in the first instance, for the referee to take proof and report the amounts to be distributed to the parties to the action,.arising from the sales of real estate sold in three actions of partition, in which the appellant was entitled to participate. After the order was made directing the reference, the subject of inquiry was so far enlarged, on motion of the attorney for the-respondent, as to direct the referee to take proof of any and all judgments against the plaintiff, or any of the defendants in the actions, or against the executors of the will of Nathan 0. Platt or any of them, or against James M. Smith, appointed receiver of the estate, alter the removal of the executors. And proof of such judgments was, under the authority of the order, taken by the referee. The result in part of such proof was to establish the recovery of a judgment against the executors and afterwards against the receiver of the estate in favor of Aaron A. DeG-raw, respondent, for the final sum of $24,414.02, which had been reduced by payment to the sum of $5,657.33, and one quarter of the amount unpaid, with interest, was directed by the referee to be paid out of the distributive shares of the estate. The plaintiff filed exceptions to the report of the referee directing such payment out of her distributive portion of the proceeds of the property, but they were overruled at the special and general terms, and finally held to be well taken by the court of appeals, and she was accordingly relieved from the payment directed to be made, on the ground that her share" of the proceeds of the property was not bound by the judgment. The defendant, Nathan 0. Platt, filed no exceptions to the report of the referee, neither did he appeal from the order affirming the report to the general term. But after the decision was made by the general term, he appealed from the order to the court of appeals, which held his appeal to be ineffectual because of the omission to file exceptions to the report. Platt v. Platt, 105 N. Y., 488; 8 N. Y. State Rep., 77.
And it was after this decision was made that exceptions were filed in his behalf, which were set aside, and leave to file, which was, also denied, by the ordérs from which the appeals have been taken. In support of the appeals it is now urged, in his behalf, that he was entitled to notice of *405 the filing of the report of the referee by rule 30 of the general rules of practice and had liberty to file exceptions within eight days after service of such notice.
No notice of the filing of the report is shown to have been served upon him, or any person representing him, as an attorney, on the hearing and proceeding before the referee. But by way of resisting the applications made by him, and to set aside his exceptions, it has been stated in the affidavit of the counsel for the judgment-creditor, that this defendant served no notice of appearance in the actions at any time while the proceedings were in progress or since they were completed and decided. But such a notice was not strictly necessary in this form of proceeding, if this defendant was actually a party to the hearing before the referee, and appeared and participated in the proceeding, and resisted the application for the payment of this judgment. If that was his relation to the proceeding under the order of reference, then notice of the filing of the report should have been served either upon him or upon some person representing him upon this hearing. That he was a party to the proceeding appears from the order directing and enlarging the scope of the reference. The first order made directed the referee to take proof and report the amounts of the distributive shares of the plaintiff, and of Nathan 0. Platt, and the other three persons entitled to such shares, and the order enlarging the scope of the reference to include the inquiry as to the judgments, was made after hearing counsel, who represented the plaintiff and the defendant, Nathan 0. Platt, as well as another defendant in the action. He was by these orders, not only brought into the proceeding as to this judgment before the referee, but his interests were to be affected by the hearing and decision of the referee so far as it included this judgment.
He was made a party in this manner by the service of the order to show cause obtained by the counsel for this judgment-creditor, requiring him,, with the others, to show cause why the reference should not in this manner be enlarged. And it was only after hearing counsel represent-’ ing him that the reference was extended so as to affect by this judgment his distributive share in the proceeds of the sales. And by the report of the referee it is stated that he had been attended by counsel for all the parties interested in the estate of Nathan 0. Platt, which included this particular defendant. He had in this manner, with the knowledge and at the instance of the attorney and counsel of De Groot, become so far identified as an active party interested in and affected by the reference, as to be entitled to notice of the filing of the report of the referee, and this attor *406 ney in the affidavit sworn to by him on the 12th of May, 1887, stated as a fact that Nathan C. Platt had appeared on the proceeding before the referee for the distribution of the proceeds of the sales. The report was against him to the» extent of one-fourth of the amount remaining unpaid upon the judgment, and before it could be regularly confirmed, he was in this state of the case, entitled to an opportunity to except to the report and resist the application for its confirmation, and the opportunity regularly secured by the rule for that object, is by the service of notice upon the party or some person representing him, of , the making and filing of the report.
Notice of the filing is stated in the affidavit of Gilson to have been given to the attorneys for the different parties appearing, but it is nowhere stated in the proceedings that Nathan C. Platt was represented, by either of these attorneys or had appeared by them. On the contrary it is stated in the affidavit of the attorney and counsel for De Graw, that no notice of an appearance in this manner was at any time given on behalf of this defendant, and it cannot, therefore, be'inferred from this affidavit that notice of the filing of the report was served upon any person representing him as counsel in the course of the proceeding, but the import- of the affidavits is that no notice had at any time been served, either upon Nathan 0. Platt himself or upon any person appearing or acting for him in the course of the proceeding before the referee. And as he was a party injuriously affected. by the decision of the referee, he was in some form entitled to this notice to enable him afterwards to contest his liability, under the practice prescribed by rule 30 of the general rules of practice.
In proceedings of this general description formal notices of appear anee, are not ordinarily to be served, but the parties in interest are all required to be brought into the proceeding, and where it is contested by them, and they may be injuriously affected by the decision, they are each entitled to an opportunity, in some form, to except to' the report which may be made, and to present their exceptions for consideration and decision on the application for its confirmation. Until that opportunity has been afforded by notice, the report cannot regularly be confirmed against a party whose interests are to be affected or disposed of by it. And as the right of Nathan C. Platt, to except and resist the confirmation of the report, has in no manner yet been extinguished, it follows that it continues to exist, and he is entitled to file such exceptions as may be requisite for the protection of his interests and to insist upon their allowance against the report made by the referee. The legal rule he is entitled to have observed for his benefit is not *407 dissimilar to that which the courts have applied for the preservation of the right of appeal. And it must be observed with reasonable strictness before the party who is to be affected shall be held to have lost his right to except to and review the decision made against him. Fry v. Bennett, 16 How., 402; Matter of New York Central R. R., 60 N. Y., 112; Schwarz v. Weber, 103 id., 658; 3 N. Y. State Rep., 611.
The appeal, taken on behalf of Nathan 0. Platt from the decision of the general term to the court of appeals, can have no effect upon the disposition of these appeals.
It was, as the court held it to be, without authority for the want of the exceptions now proposed to be filed.
He was not in a condition to review the order made against him in the court of appeals. And the confirmation of the order proceeded on that inability on his part, and to allow him at this time still to file and insist upon the advantage of his exceptions, is in no way in conflict with the confirmation of the orders made in the court of appeals. That confirmation proceeded upon an entirely different state óf facts from that which is now presented and will be made to appear by virtue and force of the exceptions.
The order from which the appeals have been taken should be reversed, and an order entered permitting the defendant Nathan 0. Platt still to file and insist upon his exceptions against the report of the referee so far as it has directed the payment of one fourth of this judgment out of his distributive share of the proceeds of the real estate.
Van Brunt, Oh. J., and Brady, J., concur.