The Court at General Term, said:
“The principal questions involved in this appeal have been determined by two decisions of the court of appeals hereafter referred to. In Cooke v. Platt (51 Super. Ct. 55) 98 N. Y. 38, the court of appeals held, that the trust contained in the will of Nathan C. Platt was invalid, that the four children of the testator are vested with a title to the real estate as devisees in fee under the will, and that the receiver appointed in this action had no greater power than that of administrator with the will annexed, and as such had no power to execute the power of sale given by 'the will to the executors. It being thus determined that the children of the testator became vested on the death of the testator with a title to the premises in fee they *550 thereupon became entitled to the rents and profits of the land. The rents when they respectively became due became personal property, but they became the property of the owners of the land, and not the property of the executors or. personal representatives of the testator. The judgment recovered by the appellant against Smith as receiver, was therefore a judgment against the estate of the testator, and placed the appellant in the position of a creditor of the estate. That position gave him a right to take proceedings to have the testator’s property applied to the payment of the debt as provided by law, and that right only. The question of the extent of the lien of the appellant upon the lands of the testator which became vested in his. four children, was presented to the court of appeals in the case of Platt v. Platt, 105 N. Y. 497, and it was there held that the judgment against Smith as receiver, was not a lien upon the lands of the testator; that the debts of a decedent can be ordered to be paid out of his real estate, or by his devisees, only in the way provided by statute, and that the devisees never came under any legal or equitable obligation to pay that judgment; and hence there was no legal basis for ordering that judgment to be paid out of their share of the real estate or its proceeds. As by the judgment appointing the receiver he was vested with no greater power than that of an administrator with the will annexed, that judgment gave him no title, as such, to the rents of the property, and the fact that he has collected them and has held them as an officer of the court could not have the effect of changing their character, or divesting the children of the testator of the right to such rents, and it became the duty of the court, upon it appearing that the sum collected by its officer was not the property of the estate, but belonged to the devisees under the will, to direct the receiver to pay it to such devisees. The fact that the parties to the action and the referee had apparently misapprehended the effect of the judgment and the right of the judgment creditor to payment *551 out of the real estate, and that some of the parties to the action had at times expressed their willingness to have the judgment paid, would not estop them from claiming on its being ascertained that they were not bound to pay the judgment, that the moneys still in the hands of the receiver should be paid to them and not diverted to the payment of a claim for which they were not liable. The fact that the receiver collected a few small sums that were properly the property of the estate, would not justify the court in ordering those sums to be paid to the creditor, because under the order of the court he has already received the sum of $9,354.62 by assignment of the judgment recovered by the said receiver against the executors of George W. Platt, etc. As it appears from the evidence before us, that sum would largely exceed all of the assets of the estate of the testator that have come to the hands of such officer, which would be applicable to the payment of the appellant’s judgment.
E. S. Clinch, for appellant.
P. Merrill, for plaintiff, respondent.
W. J. Wilson, and W. R. Martin, for defendant, respondent.
“We are also of the opinion that the court was fully justified in granting leave to the parties to file exceptions to the referee’s report after the time had expired and that under the circumstances of this case to refuse such leave would have been a serious abuse of judicial discretion. On the whole case we think that no injustice has been done to the appellant and that the order appealed from should be affirmed with ten dollars costs and disbursements.”
Opinion by Ingraham, J.; Sedgwick, Ch. J., and Freedman, J., concur.
Order affirmed.