Bartlett, J.
Under the decision upon a former appeal in this case, the order under review cannot be sustained, unless the objections then pointed out by the court of -appals have been obviated. Platt v. Platt, 105 N. Y., 488; 8 N. Y. State Rep., 77. Further proofs have been taken in conformity with the suggestions contained in the opinion of Judge Earl, and it is believed that they warrant the directions which have now been given for the distribution of the fund in controversy.
The land sold herein was formerly the property of Nathan C. Platt, deceased, and the parties to this action are his children, Nathan C. Platt and Catherine W. Cooke, and his daughters-in-law, Annie R. Platt, the widow of William H. Platt, and Susan F. Platt, the wife of Spencer C. Platt. A referee was appointed to take proof of the interests and rights of the several claimants to the fund; and it was proven before him that in a prior action in the superior court of the city of New York, between Catherine W. Cooke, as plaintiff, and her brothers William H. Platt, Spencer C. Platt and Nathan C. Platt, as defendants, an accounting had been taken of the moneys which each child had received from the father’s estate, the result in the judgment being that Catherine W. Cooke was held to be indebted to the estate in the amount of $17,801.60; William H. Platt, $60,839.90; Spencer C. Platt, $20,000.84, and Nathan 0. Platt, $18,660.39.
The referee in the present suits took these sums into account in directing the distribution of the fund herein, treating them as payments to the respective parties and charging them respectively with the accounts together with interest thereon. No one appears to have objected to this course, but the appellant, Annie R. Platt, who was the devisee of her deceased husband, William H. Platt. She appealed to the general term from the special term order affirming the referee’s report. The general term- reversed the order below, so far as the charge of interest was concerned, but affirmed it in other respects. A further appeal was taken to. the court of appeals, which held that the record in the case as it then came up did not disclose facts enough to authorize the court to take into consideration, in making distribution herein, the four sums already stated *287 to have been received by the four children as fixed and determined in the superior court suit.
The court of appeals, however, distinctly declined to decide that these sums could not be brought in and adjusted in these proceedings. “All we determined,” says Earl, J., “ Is that in this very imperfect record there are not sufficient facts to authorize that to be done. It may be that facts exist which would justify the court in the exercise of its equitable jurisdiction to charge each of these four parties with the sums so received thereon in the distribution of this fund. All the facts pertaining to these sums should be proved so that the court may be able to say precisely what equity and justice require in reference to them. It would seem to be extremely just that they, with the interest thereon, should be taken into consideration in the distribution of this fund, and the fund should be retained by the court below until in this action or some other action to which all the persons interested are made parties, a final determination can be made in reference to the rights and interests of the parties therein.”
Pursuant to the direction of the court of appeals that the case should be remitted to the special term for a further hearing in regard to the distribution of the fund, it was referred back to the same referee to take additional proofs as to the moneys received by any of the parties or their predecessors in interest from the estate of the late Nathan 0. Platt, and the sources from which the same were derived, and the nature of the succession of Annie R. Platt, to the interest of her deceased husband William H. Platt, and of the succession of Susan. F. Platt to the interest of her husband Spencer 0. Platt. Upon the evidence thus taken the referee has reached substantially the same conclusions as those contained in his first report, so far as this branch of the case is concerned, and the court at special term has confirmed his report and directed distribution accordingly.
The defendant Annie R. Platt, is the only appellant. She objects now, as she did on the former appeal, to being charged in this action with any sum whatsoever on account of the amount found to be due from her husband, William H. Platt, to his father’s estate, in the supreme court judgment.
The difficulties which the court of appeals found in .allowing this charge were, first, that it did not appear in the record, then before the judges, from what source or in what manner or under what circumstances the sum of $60,839.90 was received by William H. Platt; second, that it did not appear that Susan F. Platt, the plaintiff, by virtue of the conveyance to her by her husband, Spencer G. Platt, acquired any interest in the moneys received by *288 William H. Platt, or any right to demand an account of the same; and, third, that it did not appear that the appellant, Annie R. Platt, as the devisee of her husband, William H. Platt, took the real estate, which is the subject of the present partition suits, charged with the payment of any such moneys.
As to the first objection, it is now made manifest that the moneys to which the superior court suit related were rents collected from the real estate partitioned in these-actions, and proceeds of the sale of other real estate, formerly the property of Nathan 0. Platt, deceased. Assuming that such was the fact, the court of appeals held that the other tenants in common would have an equitable hen against William H. Platt’s share of the land partioned herein, for the rents which he had received, but that this lien “did not absolutely attach to the real estate nor follow it into the hands of any heir, devisee or grantee holding under him.”
As to the moneys received by William. H. Platt out of other real estate, Judge Earl was unable to find that his co-tenants ever acquired any lien therefor upon the lands in suit here. He intimated, however, that if William H. Platt and his brother, Spencer 0. Platt, had themselves been parties to this action, the sums previously received “might, upon equitable principles, have been brought into consideration in the adjustment and division of this fund.”
The additional proof now adduced, however, renders it proper, we think, to treat the fund precisely as though Spencer 0. Platt were actually in court in this proceeding; for, so far as relates to an equitable adjustment of his rights in the proceeds of this partition sale, Spencer 0. Platt is fully represented by his wife, Susan F. Platt. Her status in this case does not depend alone upon the conveyance to her by her husband. Prior to this deed he assigned to her all his claims arising out of his father’s estate. It would seem, therefore, that she is entitled to insist upon any rights which he himself would be capable of maintaining in these actions.
This fact removes the second objection suggested in the-opinion of the court of appeals. A more difficult question is presented by the third objection, as to the liability of Annie R. Platt, as the devisee of her husband, to have the-real estate, which is the subject of these suits, charged with the sums received by her husband out of his father’s-estate. But it now clearly appears that she must eventually be held liable for those amounts, under the statute which authorizes proceedings against devisees for the collection of debts due from a decedent. Code Civil Procedure, chap. 15, title 3, art. 2. It is proven that there was no per *289 sonal property which could be applied to the payment of the claim in question, and all the land in which William H. Platt had an interest at the time of his death has already been sold in this very litigation. It would, therefore, be a useless formality to apply to the surrogate for a sale of this real estate as a means of procuring satisfaction for the debt.
We can see no good reason why the claim should not be enforced in this proceeding, by reducing the share of the proceeds of the sale to which his devisee would otherwise be entitled.
Concurring, as we do, with the opinion expressed by Judge Earl, as to the extreme desirability of adjusting this and the other like claims in the distribution of the fund here iii suit, we think that the additional evidence suffices to sustain the order before us. As to the allowance of interest, we construe the language of the court of appeals on that subject as a distinct intimation that it ought to be alkiwed.
Order affirmed, with costs.
Macomrer, J., concurs.