Judgment reversed and a new trial granted, costs to abide the event.

---

GEORGE A. CUNNINGHAM, Appellant, *v.* ALEXANDER WHITFORD and Others, Defendants; SARAH E. WHITFORD and Others, Appellants, and W. IRVING JENNINGS and Others, as Executors, etc., of DAVID M. HAMILTON, Deceased, Respondents.

*Testimony as to a personal transaction with a decedent — Code of Civil Procedure, § 829 — mortgage upon a testator's land, made by a devisee — prior lien of the testator's debts and legacies.*

To disqualify a witness, under section 829 of the Code of Civil Procedure, from testifying to a personal transaction with a decedent, he must not only be a party to the action, but the testimony sought from him must be "in his own behalf or interest."

In an action brought by a simple contract creditor of a testator against the devisee of the testator's real estate, charged with the payment of legacies, and the personal representatives of a deceased mortgagee to whom the devisee had executed his bond and a mortgage upon the devised real estate (to which action the legatees and other creditors of the testator were made parties), to have the devised real estate applied to the payment of the testator's debts and legacies in preference to the mortgage, the plaintiff sought to prove by the defendant devisee, called as a witness for the plaintiff, that at the time of the execution of the mortgage in question the witness told the mortgagee of all the testator's debts and legacies.

*Held,* that the witness was not disqualified under section 829 of the Code of Civil Procedure from giving the testimony offered, as against the personal representatives of the deceased mortgagee, since it was apparent that the testimony sought from him was not in his own behalf or interest.

One who, before the expiration of the three years from a testator's death in which creditors may apply to the surrogate, under section 2750 of the Code of Civil Procedure, to charge the testator's real estate with the payment of simple contract debts, takes a mortgage upon the testator's real estate from a devisee who claims no title except through the testator's will, cannot be treated as a *bona*

*fide* incumbrancer or purchaser so as to give his lien upon the premises priority over the claims of such creditors of the testator.

*Quære,* whether in such a case it is material to prove knowledge by the mortgagee of the fact of the testator's indebtedness.

When, by the terms of a will through which alone a devisee claims title, which the devisee takes only upon the condition of paying legacies charged thereon, a mortgagee who takes a mortgage on the devised land from the devisee acquires thereby no priority over the legatees.

APPEALS by the plaintiff, George A. Cunningham, and by the defendants, Sarah E. Whitford and others, being the creditors of Daniel Whitford, deceased, and the legatees named in his will, from a judgment of the Supreme Court, entered in the office of the clerk of Greene county on the 21st day of April, 1893, upon a decision of the court, rendered after a trial by the court without a jury at the Greene Circuit, directing the payment of a mortgage given by Alexander Whitford to David M. Hamilton on land devised to Whitford in such will, and adjudging the same a prior lien upon such land to the bequests in the will and the debts of the testator.

*J. A. Griswold,* for the plaintiff (appellant).

*A. C. Griswold,* for defendants (appellants).

*Emory A. Chase,* for defendants (respondents).

MAYHAM, P. J.:

The case discloses the fact that Daniel Whitford died May 20, 1888, the owner of a farm, and leaving a will, whereby he bequeathed to three of his children $300 each, and to two grandchildren each $100.

In and by said will he devised his farm to his son, Alexander Whitford, by the following provisions :

" *Third.* I give, devise and bequeath unto my beloved son, Alexander Whitford, all the rest, residue and remainder of my estate, both real and personal, of what nature or kind soever, to have and to hold the same to him, his heirs and assigns forever, on the condition and proviso that he pay to the above-named legatees, respectively, the legacies herein given, within four years after my decease, without interest, and the real estate so devised to my son, Alexander Whitford, is charged with the payment of the same."

The testator, also, in his will nominated Alexander Whitford as sole executor. The will was duly proved and admitted to probate on the 25th day of June, 1888, as a will of real and personal estate, and letters testamentary were duly issued to the executor named therein, who duly qualified as such executor, and thereupon took possession of the real estate of which the testator died seized as devisee under the will.

One of the legacies in the will has been paid by the executor and devisee of the testator's real estate.

The trial judge finds that the testator, at the time of his death, owed debts, not secured by mortgage, to five persons, amounting in the aggregate, without interest, to $3,024.59, which are still unpaid, and that there are four unpaid legacies amounting, without interest, in the aggregate to $1,046.97.

This action is prosecuted by a creditor of the testator upon a simple contract debt to reach the estate of the deceased in the hands of the legatees, devisees or heirs of the deceased, under the provisions of section 1834 of the Code of Civil Procedure. The case shows that on the 1st day of April, 1890, the defendant Whitford, the devisee of the real estate under the will of the testator, executed and delivered to David M. Hamilton a mortgage on the real estate devised to him for $2,200, to secure a loan of that amount at that time made to him. The mortgagee having died before the commencement of this action, his personal representatives are made defendants in this action and are the respondents on this appeal.

The only question of fact litigated on the trial, and in dispute on this appeal, is as to whether David M. Hamilton took and accepted the bond and mortgage from Alexander Whitford in good faith, and without notice of the debts of the testator, above referred to.

Upon this subject the mortgagor, Alexander Whitford, who was called as a witness for the plaintiff, was, on plaintiff's behalf, asked this question : " Q. Did you tell David M. Hamilton, now deceased, about the debts of the estate, and in favor of the creditors ? " This question was objected to by respondents, on the ground that it involved a personal transaction between the witness and deceased, and was, therefore, inadmissible, under section 829 of the Code of Civil Procedure ; and the objection was sustained and the plaintiff duly excepted.

" By plaintiff's counsel.— The plaintiff offers to prove by the witness that at the time of the execution of the bond and mortgage executed by witness to David M. Hamilton, the mortgagee, the witness told the mortgagee of all the debts of the testator and the legacies in the will. [Counsel for Parker, Jennings and Hamilton objects to the offer on the same grounds last above. Objection sustained by the court, to which plaintiff excepted.] "

Counsel for the legatees and other creditors named as defendants on their behalf repeated the same question and offer, to which the counsel for the personal representatives of Hamilton made a similar objection, which was in like manner sustained by the court and like exceptions were taken.

The attorneys for the respondents, on the behalf of the personal representatives of the mortgagee, called a witness, and proved a conversation between Hamilton, the mortgagee, and Whitford, the mortgagor, at the time of making and accepting the mortgage, to the effect that the mortgaged property was unincumbered except by an $800 mortgage.

The counsel for the plaintiff further inquired into that conversation, and Alexander Whitford, who was recalled by plaintiff, testified : " I remember the occasion I was at Mr. Bronk's office with David M. Hamilton. At the time spoken of by Mr. Bronk as a witness here I was present ; I heard Mr. Bronk testify. Q. Now, what was said between you and David M. Hamilton about liens and claims on the property ? [Objected to by counsel for defendants Parker, Jennings and Hamilton, as a personal communication, transaction between the witness and a deceased party in which he is interested and a party in this action, and otherwise objected to as incompetent under section 829 of the Code. Objection sustained by the court, and exception by the plaintiff and defendants, except the executors of Hamilton.] "

It is now insisted by the learned counsel for the appellants, both plaintiff and defendant, that the exclusion of this evidence was error.

There can be no question as to the fact that this offer bore directly upon the question of knowledge in the mortgagee of the existence of these debts. But was the witness by whom it was sought to be proved competent to give evidence upon the subject ?

The provision of the Code invoked by the respondents provides that " A party or persons interested in the event * * * shall not be examined as a witness in his own behalf or interest * * * against an executor * * * concerning a personal transaction or communication between the witness and the deceased person," etc.

The witness in this case was not called as a witness in his own behalf. He was called by an adverse party who was seeking to establish a liability against him. Nor do we see how it can be maintained that he was called in his own behalf.

He was liable on the covenants in his bond to Hamilton for the full amount of his mortgage, and if the debts of testator were first to be paid out of this real estate, that fund would be so diminished as to increase his probable chances of liability on his bond.

It is urged, on the other hand, that if the debts of testator are left to stand behind the mortgage his liability on them may be increased; but if, as we shall see, he fails to perfect his title under the will, by neglecting to comply with its conditions, then the real estate devised to him would be the primary fund for the payment of the legacies out of which they would be paid, and to that extent his interest in the real estate would be diminished; so that it is difficult to see how he could promote his own interest by his testimony.

It is true he is a party to the action, but that alone does not disqualify him from being a witness, unless coupled with some of the elements of disqualification specified in section 829 of the Code. The disqualification created by that section is where the witness testifies in his " own behalf or interest." (*Carpenter* v. *Soule*, 88 N. Y. 251.) We do not see that the testimony offered comes within that prohibition, and think its exclusion error.

If it was material in this case to show knowledge of the testator's indebtedness, then the rejection of this evidence was to the prejudice of the appellants, and should furnish reason for reversal. The respondent's mortgage was executed in less than two years after the proof of testator's will, and within two years from the time of testator's death.

There could, therefore, at the time of the taking of such mortgage, be no legal presumption that the simple contract debts of the testator had all been paid, as the three years within which such creditors

might apply to the surrogate under section 2750 of the Code for proceedings to charge the real estate with the payment of such debts had not expired.

In *Platt* v. *Platt* (105 N. Y. 488) the court say : " During three years after his (testator's) death his creditors have a kind of statutory lien upon the real estate left by him, and such real estate cannot be so aliened by his heirs or devisees during that time as to defeat the claims of creditors thereon." (Citing 2 R. S. 100 *et seq. ;* Code, §§ 2749 *et seq.*)

It is true that after the expiration of the three years from testator's death this presumption of the existence of a lien ceases. (*Covell* v. *Wetson*, 20 Johns. 414; *Hyde* v. *Tanner*, 1 Barb. 75 ; *Wilson* v. *Wilson*, 13 id. 252.)

Under these circumstances, it cannot, I think, be held that, at the time Hamilton took this mortgage from a devisee under the will, who claimed no title except under it, he could be treated as a *bona fide* incumbrancer or purchaser so as to give his lien upon these premises priority over the claims of creditors of the deceased devisor whose liens were in force upon this land at the time he took the mortgage.

The creditors of the deceased at that time owed him no duty, and as he is presumed to have known the law relating to the rights of creditors of a decedent, he, and not they, if either, must suffer by his neglect.

The counsel for the creditors requested the court to find and decide that the creditors of the estate be paid out of the proceeds of the sale of the real estate prior to the bond and mortgage. The refusal of the court so to find, we think for the reasons above stated, was error.

The devisee under the will took the land only upon the condition of payment of the legacies. As the will was his only source of title the payment of the legacies was a condition precedent to the vesting of the title in him, and in addition to that the payment of the legacies was expressly charged on the real estate devised.

It seems to require no argument or citation of authorities to sustain the conclusion that the mortgagee under such circumstances cannot claim under his mortgage, taken from the devisee, priority over the legatees.

We think the learned judge erred in his conclusion, and that the judgment should be reversed.

PUTNAM, J., concurred ; HERRICK, J., concurred in the result.

Judgment reversed, a new trial granted, costs to abide the event.