## MULLIGAN v. HACHMEISTER et al.

(Supreme Court, Appellate Term. July 6, 1909.)

PLEADING (§ 193*)—COMPLAINT—GROUNDS OF DEMURRER.

A complaint stating a cause of action on a written contract of defendant is not demurrable because of laches in bringing the action and of the improbability of plaintiff's contention; they being matters for consideration on the trial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 432; Dec. Dig. § 193.*]

MacLean, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by George Mulligan against Caroline Hachmeister, individually and as executrix, and others. From an interlocutory judgment

overruling a demurrer to the complaint, defendants Jetter appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Katz & Sommerich, for appellants.
Frayer, Stotesbury & Gregg, for respondent.

SEABURY, J. The demurrer was properly overruled. The action is upon a written contract, signed and sealed by the defendants who now demur. The laches of the plaintiff in bringing the action and the alleged improbabilities of his contention are matters for the court to consider when the action is tried, and do not preclude the plaintiff from bringing the action upon his present complaint, which in my judgment states a cause of action.

Interlocutory judgment affirmed, with costs, with leave to defendants to answer upon payment of costs in this court and in the court below within six days.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting). According to the allegations in the complaint, to which the defendants Jacob Edward Jetter individually and Elizabeth Jetter demur on the ground that, as against them, it does not state facts sufficient to constitute a cause of action, the plaintiff and one Christian Hachmeister, owners of adjoining premises on the north side of Ninety-Second street agreed in writing, each for himself, his heirs and assigns, that the plaintiff should erect a party wall to stand one-half on his own land and one-half on the land of Hachmeister; that Hachmeister, his heirs and assigns, should have the right to use the wall on first paying to the plaintiff one-half of the value of the wall; that the agreement was recorded March 13, 1890; that prior to September 27, 1890, the plaintiff erected the wall; that Hachmeister, about September 27, 1890, erected a building on his own premises, used the wall, but refused to pay the one-half value thereof, $922.95; that Hachmeister, dying prior to April 2, 1896, by will left to his widow, Caroline Hachmeister, whom he made executrix, with his son-in-law, Jacob Edward Jetter, executor, all his property, real and personal, more than sufficient in value to pay the claim of the plaintiff; that on March 28, 1899, the widow, in consideration of the covenants and agreements of her son Henry, her daughter Elizabeth Jetter, and her son-in-law Jacob Edward Jetter to assume, as they did assume all the debts of said Christian Hachmeister, deceased, including his indebtedness to the plaintiff for one-half of the value of said party wall, conveyed with other realty to her son Henry and her daughter Elizabeth the said premises on the north side of Ninety-Second street, reserving to herself a life interest therein; that on May 28, 1903, Elizabeth conveyed her undivided one-half interest to her husband, Jacob Edward Jetter; and that said Henry Hachmeister, dying before the commencement of this action, November 12, 1908, left all his property, by will probated July 27, 1907, to executors named therein, and whereof William G. Ringler, named above as defendant, alone qualified.

Assuming all the facts actually alleged, but not astutely surmising more, Christian Hachmeister on September 27, 1890, owed a personal debt of $922.95 to Mr. Mulligan, who, beyond once asking for the money, let it lie during the rest of Christian's lifetime—that is, till within 5 or 6 months of its outlawry—never called his claim to the attention of the executrix and executor, did nothing when it became the duty of the executors to proceed with diligence to pay the debts they knew of according to the order prescribed (section 2719, Code Civ. Proc.), or at any time after 6 months had expired since letters were granted (section 2722), or during the survival of the creditors' statutory lien running with the land (section 2750), and only long after the claim had become stale with 18 years' inattention and the death of young Hachmeister, deemingly grown to manhood in the mean season, now seeks in a novel way to impose it upon the widow's life interest and the children's patrimony, passed in part to the husband of Christian Hachmeister's daughter.

The demurrer of Elizabeth Jetter and of Jacob Edward Jetter, individually, should have been sustained. The alleged obligation of Christian Hachmeister did not run with the land. It was a debt enforceable against him in his lifetime, and after his demise by due proceedings collectible out of his estate, first from the personalty and then from a lease, mortgage, or sale of the realty of which he died seised within the three years after the granting of letters, pending which period the real estate could not be so aliened by the heirs or devisees as to defeat the claims of creditors thereon (section 2750, Code Civ. Proc.), but after the expiration of which the decedent's debt ceased to be a lien or charge in any sense upon the real estate (Platt v. Platt, 105 N. Y. 488, 12 N. E. 22). From the vague statement in the complaint that Christian died prior to April 2, 1896, it is not determinable whether the "kind of temporary statutory lien" had expired when Mrs. Hachmeister transferred the property to her children. Only five, if any, days, however, remained for its expiration, and after the lapse of those days recourse to the real property, in whosesoever hands it was, was at an end.

It is as easily, more easily, presumable that the executrix took the usual and prescribed steps for the discharge of her trust, and so was only liable as executrix, than that she by some omission or neglect made herself personally liable for the debt to Mulligan, and which Mulligan himself neglected. The coincidence in personality of the devisee and of the executrix did not, does not, by confusion, change the relations or the right of recourse of the plaintiff. So far as appears in or may be literally spelled out of the complaint, Caroline Hachmeister individually was under no obligation to the plaintiff at the time of the conveyance of the real property devised to her, and as the promisee had no relation or obligation to the plaintiff, the promises of young Hachmeister, of Mrs. Jetter, and of Mr. Jetter were no more than promises to an indifferent third person. The judgment should be reversed.

Judgment reversed, with costs.